IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES SCHWAB & CO., INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-1373 |
| CHARLES KENNETH RATTLEY, JR., | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Charles Schwab & Co., Inc.'s ("Schwab") Petition for Confirmation of Arbitration Award, Entry of Judgment, and Award of Costs (the "Petition") (ECF No. 2), Schwab's Motion to Dismiss (ECF No. 6), and Defendant Charles Kenneth Rattley, Jr.'s Motion for Summary Judgment (ECF No. 9).[1] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant Schwab's Petition and Schwab's Motion to Dismiss and deny Rattley's Motion for Summary Judgment.

---

[1] Also pending before the Court are Rattley's Motion to Amend Complaint (ECF No. 8) and Motion to Strike as Sham and False Defendants Motion to Dismiss Pursuant to Rules 8 & 11 and Motion in Opposition to Defendant's Motion to Dismiss ("Opposition and Motion to Strike") (ECF No. 10). For reasons set forth below, the Court will deny both Motions, but will consider the Opposition and Motion to Strike as an opposition to Schwab's Motion to Dismiss.

## I.    BACKGROUND

**A.    <u>Factual Background</u>**

This case arises from an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") that concluded on June 4, 2020. (Pet. Confirmation Arbitration Award, Entry J. & Award Costs ["Pet."] ¶ 18, ECF No. 2; FINRA Award at 20–22, ECF No. 2).[2] The arbitration proceeding stems from a dispute relating to a brokerage account Rattley opened with Schwab in June 2018. (Pet. ¶ 4). On July 6, 2018, Rattley deposited a certified check in the amount of $250,000 into his Schwab account. (<u>Id.</u> ¶ 8). Between July 6 and July 12, 2018, Rattley transferred all the funds out of the account in various forms. (<u>Id.</u> ¶ 10). In early August 2018, Schwab learned the check Rattley deposited was fraudulent and issued a chargeback to the account, creating a balance of negative $250,000. (<u>Id.</u> ¶ 11). One of the brokerage firms that received the fraudulent funds refunded $44,753.09 to Schwab, resulting in a balance of negative $206,918.07. (<u>Id.</u> ¶¶ 12–13). Rattley refused to reimburse Schwab and, pursuant to the Schwab Brokerage Account Agreement, Schwab commenced an arbitration proceeding. (<u>Id.</u> ¶ 13). Rattley did not appear at the arbitration hearing, which resulted in an award to Schwab of $206,918.07 plus interest and $1,000 in costs (the "Award"). (<u>Id.</u> ¶¶ 14–15; FINRA Award at 20–22). Rattley did not timely file an application to vacate, modify or correct the Award. (<u>Id.</u> ¶ 18).

---

[2] The electronic document accessible at ECF No. 2 contains the Petition and multiple exhibits to the Petition. The Petition may be found at pp. 1–5 of the combined PDF document and will be referenced by paragraph number. References to exhibit page numbers refer to the pagination of the combined PDF document as it exists on the Court's Case Management/Electronic Case Files ("CM/ECF") system.

**B.**     **Procedural History**

On April 30, 2021, Schwab filed a Petition for Confirmation of Arbitration Award, Entry of Judgment, and Award of Costs in the Circuit Court for Anne Arundel County, Maryland. (ECF No. 2). Schwab seeks confirmation of the arbitration award, which at the time of filing equaled $239,721.09, plus the costs associated with this litigation. (Id. at 5). On June 3, 2021, Rattley removed the case to this Court. (ECF No. 1).[3] Rattley attached to his Notice of Removal a Counterclaim against Schwab in which he asserted claims under "15 U.S.C. 1692(E)" and "15 U.S.C. 807(2)a." (Countercl. at 4, ECF No. 1-5). Rattley seeks $250,000, which he asserts Schwab "received . . . as deposit and failed to return." (Id. at 5).

Schwab filed a Motion to Dismiss the Counterclaim on June 23, 2021. (ECF No. 6). On July 13, 2021, Rattley filed a Motion to Amend Complaint (ECF No. 8), a Motion for Summary Judgment (ECF No. 9), and a Motion to Strike as Sham and False Defendants

---

[3] Although Rattley's Notice of Removal does not state the basis for this Court's jurisdiction, the Counterclaim attached to the Notice asserts that this Court has federal question jurisdiction over this matter. While Schwab has not moved to remand or otherwise challenged this Court's jurisdiction, the Court notes that it is unclear whether federal question jurisdiction exists. See McCormick v. Am. Online, Inc., 909 F.3d 677, 680 (4th Cir. 2018) (finding that the Federal Arbitration Act does not itself confer federal jurisdiction over arbitration controversies). However, Rattley is a citizen of Maryland, (see Pet. ¶ 2; Countercl. at 4, ECF No. 1-5), and Schwab is a corporation organized under the laws of the State of California, with its principal place of business in Texas (see Rule 103.3 Disclosure Corporate Interest at 1, ECF No. 5). Thus, there is complete diversity between the parties. The amount in controversy exceeds $75,000. (See Pet. at 5). Accordingly, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332. See McCormick, 909 F.3d at 681 ("When the parties to an arbitration agreement are of diverse citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction would authorize a federal court to resolve disputes concerning the arbitration process, regardless of the nature of the underlying dispute.").

Motion to Dismiss Pursuant to Rules 8 & 11 and Motion in Opposition to Defendant's Motion to Dismiss (ECF No. 10). On July 27, 2021, Schwab filed a Reply Memorandum in Support of its Motion to Dismiss and in Opposition to Rattley's Motion to Strike and Rattley's Motion for Summary Judgment (ECF No. 12). Rattley did not file replies in support of his Motions.

## II.     DISCUSSION

### A.     <u>Schwab's Motion to Dismiss</u>

#### 1.  Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. <u>Goss v. Bank of Am., N.A.</u>, 917 F.Supp.2d

445, 449 (D.Md. 2013) (quoting <u>Walters v. McMahen</u>, 684 F.3d 435, 439 (4th Cir. 2012)),

<u>aff'd</u>, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Lambeth v. Bd. of Comm'rs of Davidson Cnty.</u>, 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, <u>United Black Firefighters v. Hirst</u>, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, <u>Iqbal</u>, 556 U.S. at 678.

## 2.   Analysis

Rattley asserts claims against Schwab under "15 U.S.C. 1692(E)" and "15 U.S.C. 807(2)a." (Countercl. at 4). Rattley's reference to "15 U.S.C. 1692(E)" appears to be a reference to 15 U.S.C. § 1692e, a provision of the Fair Debt Collection Practices Act ("FDCPA") prohibiting false and misleading representations. Rattley's reference to "15 U.S.C. 807(2)a" appears to be a reference to Section 807(2)(A) of the FDCPA, codified at 15 U.S.C. § 1692e(2)(A). In other words, both sources for Rattley's claim derive from the same statutory provision of the FDCPA.

The entire statement of Rattley's claim reads as follows:

> The Defendant has sought to obtain a judgement against me for a debt that does not exist ($239,721.09). I deposited a certified check that cleared and traded on the account. Defendant never returned the instrument as dishonored.
>
> At the time of the arbitration I was unable to defend myself.

> Subsequently I have filed a 1099-C (09/20) which was accepted by the Defendant and [then] filed the taxes. I also paid taxes on the account.
>
> Therefore, I am asking the Court to nullify the arbitration award and to award me $200,000 in damages[.]

(Id. at 6).

The FDCPA is a strict liability statute that safeguards consumers from abusive, coercive, and deceptive debt collection practices by debt collectors. See 15 U.S.C. § 1692k(a); Spencer v. Hendersen-Webb, Inc., 81 F.Supp.2d 582, 590–91 (D.Md. 1999). To state a claim under the FDCPA, a plaintiff must allege that: (1) "the plaintiff has been the object of collection activity arising from consumer debt"; (2) "the defendant is a debt [] collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." Sterling v. Ourisman Chevrolet of Bowie Inc., 943 F.Supp.2d 577, 585 (D.Md. 2013) (alteration in original) (internal quotation marks omitted). For purposes of the FDCPA, "debt collectors" are entities that "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due another." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting 15 U.S.C. § 1692a(6)) (cleaned up).

Rattley's claim under the FDCPA fails for several reasons. First, Schwab is not a debt collector. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA does not, however, apply "to creditors collecting debts in their

own names and whose primary business is not debt collection." <u>Kennedy v. Lendmark Fin.</u>
<u>Servs.</u>, No. RDB-10-02667, 2011 WL 4351534, at *3 (D.Md. Sept. 15, 2011), <u>aff'd</u>, 458
F.App'x 262 (4th Cir. 2011). Indeed, "the FDCPA distinguishes between 'debt collectors'
and 'creditors' and generally treats the two categories as 'mutually exclusive.'" <u>Saunders</u>
<u>v. Cap. One Bank (USA), N.A.</u>, No. PWG-18-3222, 2019 WL 2869655, at *3 (D.Md. July
3, 2019) (quoting <u>Bailey v. Bank of Am.</u>, No. ELH-16-2243, 2017 WL 1301486, at *11
(D.Md. Apr. 7, 2017). Thus, as Schwab correctly argues, "Rattley never asserts that
Schwab is a 'debt collector' and he cannot do so, because Schwab is a securities broker
dealer collecting a debt that arose from a debt in Rattley's Account at Schwab." (Mem.
Supp. Mot. Dismiss ["Mot. Dismiss"] at 6, ECF No. 6-2). Accordingly, the Court finds that
Schwab is not a debt collector for purposes of the FDCPA.[4]

Further, as Schwab correctly notes, the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>
("FAA"), is the exclusive remedy for challenging arbitration awards. <u>See</u> 9 U.S.C. § 10;
<u>Hall St. Assocs., L.L.C. v. Mattel, Inc.</u>, 552 U.S. 576, 583 (2008). Even assuming Rattley
had correctly sought to challenge the award under the FAA, that challenge would also fail

---

[4] In his Motion for Summary Judgment, Rattley for the first time argues that while
Schwab is not a debt collector, its counsel are debt collectors subject to the FDCPA. This
argument fails for two reasons. First, this allegation does not appear in the Counterclaim,
and litigants may not amend their claims through a motion for summary judgment. <u>See</u>
<u>Hurst v. District of Columbia</u>, 681 F.App'x 186, 194 (4th Cir. 2017) (holding that "a
plaintiff may not amend her complaint via briefing"). Second, even assuming <u>arguendo</u>
that Schwab's counsel are debt collectors under the FDCPA, and that the Court permitted
Rattley to amend his Counterclaim to add them as Defendants, Rattley has included no
allegations in his Counterclaim specifying their purportedly unlawful debt-collecting
actions. The Court will not concoct factual allegations on Rattley's behalf so that he might
survive Schwab's Motion to Dismiss.

due to timeliness. The Award was twice served on Rattley, including by certified mail, return receipt requested. (Pet. ¶ 18). The return receipt reflects that the Award was left with an individual at Rattley's address on June 11, 2020. (USPS Tracking Doc. at 25, ECF No. 2). Under the FAA, a party may move to vacate, modify, or correct an award "within three months after the award is filed or delivered." 9 U.S.C. § 12.[5] Thus, Rattley had until, at the latest, September 11, 2020 to challenge the Award under the FAA. Rattley made no effort to challenge the Award until he filed his Counterclaim on June 3, 2021, nearly nine months after the deadline. Rattley's Counterclaim thus fails to state a claim for which relief may be granted. Accordingly, the Court will grant Schwab's Motion to Dismiss.

**B.    Rattley's Motion for Summary Judgment**

**1.    Standard of Review**

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no

_____

[5] A similar time limit exists under Maryland law. See Md. Code Ann., Cts. & Jud. Proc. §§ 3-223, 3-224 (providing ninety days to petition to modify or correct an arbitral award and thirty days to vacate an award).

genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the

materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2),

and supporting affidavits and declarations "must be made on personal knowledge" and "set

out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden

shifts to the nonmovant to identify evidence showing there is genuine dispute of material

fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

The nonmovant cannot create a genuine dispute of material fact "through mere speculation

or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir.

1985).

A "material fact" is one that might affect the outcome of a party's case. Anderson,

477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459,

465 (4th Cir. 2001) ("The existence of an alleged factual dispute between the parties will

not defeat a properly supported motion for summary judgment, unless the disputed fact is

one that might affect the outcome of the litigation."). Whether a fact is considered to be

"material" is determined by the substantive law, and "[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." Anderson, 477 U.S. at 248. A "genuine" dispute concerning a

"material" fact arises when the evidence is sufficient to allow a reasonable jury to return a

verdict in the nonmoving party's favor. Id. If the nonmovant has failed to make a sufficient

showing on an essential element of her case where she has the burden of proof, "there can

be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23 (1986) (quoting Fed.R.Civ.P. 56(c)).

### 2.    Analysis

Rattley fails entirely to show that there is no genuine dispute as to any material facts or that he is entitled to summary judgment as a matter of law. Of course, because the Counterclaim fails to state a claim for which relief may be granted, Rattley could not identify any such facts or establish his legal entitlement to judgment. Indeed, because Rattley's sole mechanism for disputing the Award arises from the FAA—the exclusive remedy for challenging arbitration awards, <u>see</u> 9 U.S.C. § 10; <u>Hall St.</u>, 552 U.S. at 583— and any such challenge is untimely, he has no basis to contend that he is entitled to judgment as a matter of law. Accordingly, Rattley's Motion will be denied.[6]

---

[6] The Court notes that throughout his filings and in the Affidavit attached to his Motion for Summary Judgment, Rattley raises several issues with the Award, asserting variously that Schwab "has never produced any documentation that proves the alleged debt was validated" and that Schwab "has never produced any documentation supporting [its] claim that the certified check for $250,000.00 was dishonored nor that it was fraudulent." (Charles Rattley Aff. ¶¶ 4–5, ECF No. 9-1). Rattley thus concludes that the Award was "illegal and obtained by fraud." (Mot. Summ. J. at 4, ECF No. 9). But Rattley entered into an agreement to arbitrate any disputes arising from his relationship with Schwab. These arguments are thus arguments that Rattley ought to have presented to the arbitral panel in June 2020. Rattley declined to participate in that arbitral hearing. Rattley's failure to participate in that panel or timely move for vacatur of the Award does not invalidate the findings of that panel or the vitality of the Award. His impassioned arguments to this Court, whether meritorious or not, are too little, too late. The Court notes, however, that Schwab has attached substantial documentation to its Reply demonstrating the validity of the debt.

**C.**   **Rattley's Remaining Motions**

Rattley has also filed a Motion to Amend Complaint (ECF No. 8) and a Motion to Strike as Sham and False Defendant's Motion to Dismiss Pursuant to Rules 8 & 11 and Motion in Opposition to Defendant's Motion to Dismiss ("Opposition and Motion to Strike") (ECF No. 10). The Court will deny both Motions.

**1.**   **Motion to Amend Complaint**

The decision to grant leave to amend lies within the discretion of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va., 985 F.2d 164, 167 (4th Cir. 1993). Leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. Law Offs. of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)).

Leave to amend is futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

The proposed amendments contained in the Motion to Amend are straightforward: Rattley seeks to add the attorneys and the law firm representing Schwab as Defendants in this matter. Rattley does not, however, add any facts pertaining to Schwab's counsel or specify why they are or should be subject to the claims he asserts in his Counterclaim. Thus, the proposed amendments are futile in that Rattley has failed to state a claim against Schwab's counsel for which relief may be granted. Accordingly, the Court will deny Rattley's Motion to Amend Complaint (ECF No. 8).

### 2.      Opposition and Motion to Strike

Rattley's Opposition and Motion to Strike is similarly meritless. Through the Motion, Rattley seeks to strike Schwab's Motion to Dismiss. But Rattley's primary arguments in favor of this dramatic remedy are his bald assertions that the Motion to Dismiss is a "sham" and "false," that it was "filed only to harass," and that it was "filed in bad faith" in order to cause delay. Rattley further asserts that Schwab's Motion to Dismiss is improper under Federal Rules of Civil Procedure 8 and 11, but Schwab brings its Motion under Rule 12. Thus, the Motion to Strike appears meritless. Regardless, it is improper as

it targets a Motion to Dismiss, which is not a pleading. See Fed.R.Civ.P. 12(f) (permitting a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added)); Thomas v. Bet Sound-Stage Rest./BrettCo, Inc., 61 F.Supp.2d 448, 458 (D.Md. 1999) ("As motions to dismiss are not pleadings, Plaintiff's motions to strike are inappropriate."). Accordingly, the Court will deny Rattley's Opposition and Motion to Strike, although the Court will consider the document as an Opposition to Schwab's Motion to Dismiss.

**D.   The Petition**

The final matter before the Court is the Petition. Schwab has submitted evidence to this Court demonstrating that Rattley entered into an agreement to arbitrate all disputes with Schwab. (See Schwab Brokerage Account Agreement at 14, ECF No. 2). Rattley has not disputed that he knowingly executed the account application agreement containing the arbitration clause. Schwab has also submitted evidence demonstrating that following a hearing, a panel of arbitrators directed Rattley to pay Schwab (a) the sum of $206,918.07 in compensatory damages; (b) interest on the above-stated sum at the rate of 6% per annum from October 5, 2018 through and including the date the Award is paid in full; and (c) the sum of $1,000.00 in costs as reimbursement for the non-refundable portion of the filing fee. (See FINRA Award at 20–22).

As set forth above, Rattley has advanced no appropriate grounds for challenging the award under the FAA or Maryland law. Indeed, Rattley cannot do so, as his limitations period for contesting an arbitral award has long since expired and he has advanced no

grounds for tolling that period. Accordingly, the Court will grant Schwab's Petition and enter judgment in favor of Schwab and against Rattley in the amount of $239,721.09 plus interest at the legal judgment rate, as well as the costs Schwab incurred for filing this Petition and obtaining the judgment.

## III.   CONCLUSION

For the foregoing reasons, the Court will grant Schwab's Petition for Confirmation of Arbitration Award, Entry of Judgment, and Award of Costs (ECF No. 2), grant Schwab's Motion to Dismiss (ECF No. 6), and deny Rattley's Motion for Summary Judgment (ECF No. 9). A separate Order follows.

Entered this 20th day of January, 2022.


_____/s/_____
George L. Russell, III
United States District Judge